**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KCI Holding USA Inc., | ) | CASE NO. 3:22-cv-108 |
| | ) | |
| Plaintiff, | ) | JUDGE THOMAS M. ROSE |
| | ) | |
| v. | ) | MAGISTRATE CAROLINE GENTRY |
| | ) | |
| Atlantic Specialty Insurance Company, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## STIPULATED PROTECTIVE ORDER

WHEREAS Plaintiff KCI Holding USA Inc. ("KCI"), Defendant UBF Consulting, Inc. ("UBF"), and Defendant/Crossclaimant Atlantic Specialty Insurance Company ("Atlantic"), (individually, a "Named Party" and collectively, the "Named Parties") have moved the Court for approval of this Stipulated Protective Order ("Protective Order");

WHEREAS this case concerns a dispute over the parties' respective rights and obligations with regard to a Stop Loss policy of insurance;

WHEREAS discovery in the captioned lawsuit ("Action") may require disclosure of protected health information, confidential materials, and sensitive business, personal, and financial information not otherwise available to the public, and the Named Parties desire to maintain the confidentiality of such materials and information for their own benefit and for the benefit of third-parties;

ACCORDINGLY, the Court finds good cause for entry of this Protective Order.

IT IS HEREBY ORDERED that the Motion is GRANTED; and, it is STIPULATED AND FURTHER ORDERED that each Named Party to this Action, and anyone else who

subsequently may subscribe to this Protective Order (by execution of the CONFIDENTIALITY UNDERTAKING attached hereto as Exhibit 1, the execution of which shall make such party, along with the Named Parties, a "Bound Party"), is ordered by the Court as follows:

1. **CONFIDENTIAL DISCOVERY MATERIAL:** This Protective Order shall govern all discovery materials produced or disclosed in the Action, including the following: documents, things, data and information, including Electronically Stored Information ("ESI"), answers to interrogatories, answers to deposition questions, responses to requests for admission, affidavits, and all other discovery taken pursuant to the Federal Rules of Civil Procedure (collectively, "Discovery Material").

2. Discovery Material designated for protection under this Protective Order shall be identified as such by the entity or individual producing it ("Producing Party") and shall constitute "Confidential Discovery Material" under this Order.

3. The "CONFIDENTIAL" designation may only be used for Discovery Material that the Producing Party reasonably and in good faith determines to be protected from disclosure by statute and/or to constitute confidential trade secrets or other sensitive information that is not publicly available, including confidential, non-public personal information that is protected from disclosure by statute, regulation or otherwise ("Confidential Discovery Material").

4. **CONFIDENTIAL DISCOVERY MATERIAL:** To designate and identify Discovery Material as Confidential, the Producing Party may stamp "CONFIDENTIAL" or similar language on each page of such Discovery Material or use some other method reasonably calculated to so designate the material as CONFIDENTIAL. A Producing Party may permit a Receiving Party to review Confidential Discovery Material prior to so marking it without waiving the right to so mark it when producing copies to the Receiving Party. The designation

and classification of Discovery Material as Confidential Discovery Material will be deemed effective to bring it under the protections of this Protective Order unless and until the Court orders otherwise.

5.    Confidential Discovery Material designated pursuant to paragraph 4 may be disclosed only to the following persons, each of whom shall be deemed a "Receiving Party," except upon the prior written consent of the Producing Party:

(a)    Outside and inside counsel providing advice or assistance to any Named Party;

(b)    Employees of the Named Parties and any of their agents, to the extent disclosure is necessary in connection with this Action;

(c)    Former employees of the Named Parties, who have executed a written statement in the form attached hereto as Exhibit 1, to the extent disclosure is necessary in connection with this Action;

(d)    Independent consultants and experts, who have executed a written statement in the form attached hereto as Exhibit 1, to the extent disclosure is necessary for their services in connection with this Action;

(e)    Outside contractors hired by any of the parties designated in 5(a), (b), and (d) to copy, index, sort, or otherwise manage the storage and retrieval of Discovery Materials, provided that such outside contractors have agreed to keep confidential any Confidential Discovery Material to which they have access;

(f)    Any person who otherwise would be entitled to review the Confidential Discovery Materials, including insurers, reinsurers, auditors and regulators, in the

ordinary course of business or as a result of federal or state investigations, laws, or court orders;

(g)     Secretarial, clerical, and legal assistants working under the supervision of the parties designated in Paragraphs 5(a), (b), and (d) assigned to and necessary to assist in the conduct of this Action;

(h)     Court reporters and videographers who record and/or transcribe deposition or other testimony in this Action;

(i)     The Court and its staff;

(j)     Interviewees, potential witnesses, deponents, hearing or trial witnesses, and any other person, who have executed a written statement in the form attached hereto as Exhibit 1, where counsel for a party to this action in good faith determines the individual should be provided access to such information in order for counsel to more effectively prosecute or defend this action (as long as the disclosure occurs in the presence of counsel, and copies, duplicates, images, or the like are not removed or retained by any interviewee, potential witness, deponent, or hearing or trial witness), provided, however, that in all such cases the individual to whom disclosure is to be made has been informed that the information contained in the disclosed document(s) is confidential and protected by Court Order, that the individual understands that he/she is prohibited from disclosing any information contained in the document(s) to anyone; and

(k)     Any other entity or individual designated by a further order of the Court to receive Confidential Discovery Material.

6.     **USE OF CONFIDENTIAL DISCOVERY MATERIAL:**  Receiving Parties are permitted to use Confidential Discovery Material produced by another Party solely and

exclusively for the purpose of litigating the Action. All other uses, including but not limited to, business uses or litigation uses in connection with other legal actions or matters, is strictly prohibited. This Order does not restrict in any manner the use or disclosure by any Producing Party of its own Confidential Discovery Material.

7. **DISCLOSURE TO EXPERTS AND CONSULTANTS:** A Party desiring to disclose Confidential Discovery Material to testifying or consulting experts pursuant to paragraph 5(d) shall first obtain from each such expert or consultant a signed "Confidentiality Undertaking" in the form attached as Exhibit 1. Such retained or employed experts and consultants agree not to use the Confidential Discovery Material for any purpose other than discovery in this litigation or assisting in the preparation of this matter for trial. Any individual who has executed Exhibit 1 shall be treated as subject to this Order. A willful violation of any material term of this Order by any such individual may be punishable by contempt.

8. **FILING UNDER SEAL:** For all Confidential Discovery Material that a party wishes to file with the Court, and any pleading, motion, or other paper to be filed with the Court containing or disclosing such material, the filing party shall seek permission to file the document under seal by filing a motion for leave to file under seal. Any motion to file a document subject to this Order under seal must meet the Sixth Circuit's standard set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). When a party to this Order seeks to file documents which it believes may warrant sealing, but is not the party who may be prejudiced by the document or documents becoming part of the public record, the filing party shall provide the potentially-prejudiced party or parties, or any potentially-prejudiced third party or parties, with written notification of its intent to file such documents at least (14) fourteen days before doing so. After being provided such notice, the potentially harmed party or parties will

then have (7) seven days to file with the Court a motion for sealing. The Court will rule on the motion as promptly as possible.

9. **JURISDICTION:** Each Bound Party hereby agrees to subject himself/herself/itself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Protective Order.

10. **DEPOSITIONS AND COURT PROCEEDINGS:** Testimony or other material disclosed or to be disclosed at any deposition or during court proceedings may be designated CONFIDENTIAL by any Bound Party by: (a) indicating on the record at the deposition or during court proceedings that the testimony or other material is designated as such; (b) notifying all Named Parties in writing of such designation prior to the deposition or court proceeding; or (c) by making such a designation in writing to all Named Parties within thirty (30) calendar days from the earlier of the date that the transcript is first available for review by the witness or the date that the preliminary transcript is sent to counsel, if ordered. Those portions of depositions that are so designated shall be filed separately and under seal with the Court pursuant to paragraph 8 whenever depositions are so filed. The court reporter shall identify those portions of deposition and court proceeding transcripts designated as Confidential Discovery Material and shall separate them from those portions of transcripts and exhibits not designated as such.

11. In the event that any question is asked at a deposition or at a court proceeding with respect to which a Named Party asserts that the answer requires the disclosure of Confidential Discovery Material, such question shall nonetheless be answered by the witness fully and completely. Prior to answering, however, all persons present shall be advised that the information is CONFIDENTIAL and all persons, other than court personnel, the parties, their counsel, the witness, and the witness' counsel (to the extent applicable applicable), who are not

allowed to obtain such information pursuant to this Protective Order shall leave the room during the time in which this information is disclosed.

12.     **PRODUCTION BY THIRD PARTIES:**  Any third party producing confidential information in connection with this Action shall have the right to designate the third party's own information as CONFIDENTIAL subject to the terms of this Protective Order, and to the extent that any third party seeks to produce information subject to the terms of this Protective Order, the Bound Parties agree to treat the third party's Confidential Discovery Material in accordance with the terms of this Protective Order.  Additionally, to the extent a third-party produces documents or information containing confidential, sensitive, or otherwise protected information of Named Party's, the Named Party may designate such material as CONFIDENTIAL under the terms of this Protective Order.

13.     **SUBPOENA OF CONFIDENTIAL INFORMATION:**  If a Receiving Party receives a subpoena or other form of compulsory process from a third party seeking production or other disclosure of Confidential Discovery Material, it shall give written notice to the Producing Party of the Confidential Discovery Material sought by the third party as soon as practicable, and provide the Producing Party an opportunity to object or otherwise respond to the subpoena, to the extent permitted by law and enclosing a copy of the subpoena or other form of compulsory process.  In no event shall production or disclosure be made before giving such notice to the Producing Party unless such notice is prohibited by law or such production or disclosure is ordered by a court.

14.     **INADVERTENT MISDESIGNATION:**  In the event that a Producing Party discovers that Confidential Discovery Material inadvertently has been produced without being marked with the appropriate designation, the Producing Party may thereafter notify the

Receiving Party and require the Receiving Party to retrieve and return any unmarked or incorrectly marked material and to substitute appropriately marked material, provided (i) the Producing Party initially has taken reasonable measures to identify and designate the subject material, and (ii) the Producing Party notifies the Receiving Party promptly after learning of such inadvertent designation. Upon receipt of such notification from the Producing Party, the Receiving Party immediately shall treat the Discovery Material as Confidential Discovery Material. However, the Receiving Party shall have no liability with respect to any prior disclosure or use of such Discovery Material that is consistent with the terms of this Protective Order.

15. If data or information has been extracted from Discovery Material that subsequently is reclassified pursuant to paragraph 14, reasonable efforts shall be taken to ensure that the data or information shall be treated according to its reclassification. However, to the extent that, prior to being notified of the inadvertent misdesignation of Discovery Material, the Receiving Party uses in good faith such information and/or data in documents filed with the Court or at depositions, the Receiving Party will have no obligation to expunge such information and/or data from or otherwise to alter any such documents filed with the Court or the transcript of any such deposition.

16. **INADVERTENT PRODUCTION:** If a Producing Party discovers that it has produced information subject to the attorney-client privilege and/or the work product doctrine to a Receiving Party inadvertently, then the Producing Party shall be entitled to request the immediate return of such information. Upon notification from the Producing Party that an inadvertent production has been made, together with identification of the material at issue and the nature of the claim being asserted, the Receiving Party immediately shall retrieve and return

to the Producing Party all copies of such information, and the Receiving Party thereafter shall make no use of any kind of any information obtained therefrom.  However, the Receiving Party shall have no liability with respect to any prior disclosure or use of such information that is consistent with the terms of this Protective Order.  Nothing herein shall prevent the Receiving Party from challenging, by motion, the propriety of the assertion of attorney-client privilege or work product protection.

   17. **INADVERTENT DISCLOSURE:**  In the event of an inadvertent disclosure by a Receiving Party of Confidential Discovery Material, the Receiving Party making the inadvertent disclosure shall, upon learning of the disclosure:

     (i) as soon as practical notify the entity or individual to whom the disclosure was made that the disclosure contains Confidential Discovery Material subject to this Protective Order;

     (ii) immediately make all reasonable efforts to recover the disclosed Confidential Discovery Material as well as preclude further dissemination or use by the entity or individual to whom the disclosure was made; and

     (iii) within five (5) days, notify the Producing Party of the identity of the entity or individual to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the Confidential Discovery Material and ensure against the further dissemination or use of the Confidential Discovery Material.

   18. **SECURITY:**  Each Receiving Party shall maintain all Confidential Discovery Material and shall exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the Receiving Party with respect to its own confidential information.

19.     **MISCELLANEOUS PROVISIONS:**   Nothing in this Protective Order shall prohibit a Bound Party or its counsel from disclosing a document containing Confidential Discovery Material to any individual that the document clearly identifies as an author, addressee, or carbon copy recipient.

20.     No Discovery Material shall be Confidential Discovery Material if it is, or becomes, available as a matter of public record or is otherwise intentionally disclosed to the public at large by the Producing Party.

21.     This Protective Order pertains only to Confidential Discovery Material provided by a Producing Party and does not limit the use or disclosure of materials that have been obtained by any Bound Party from any other source lawfully possessing such information and not in violation of any obligation of confidentiality with respect thereto.

22.     After the final disposition of the Action, whether by settlement, dismissal, bench trial verdict, jury trial verdict, or decision on appeal ("Final Disposition"), and within thirty (30) calendar days of a request by the Producing Party, all Receiving Parties shall, at their election, either return all Confidential Discovery Material and all copies thereof to the Producing Party or destroy all Confidential Discovery Material and all copies thereof at the time called for in their document retention policies.

This paragraph shall not be construed to require the return or destruction of any regularly maintained litigation files held by the attorneys for each Named Party as archival records or other attorney work-product created for any Named Party.  Any Confidential Discovery Material, or portions or excerpts thereof, which are not destroyed or returned pursuant to this paragraph, shall remain subject to the terms of this Protective Order.  Furthermore, nothing herein shall be construed to require a party to return or destroy Confidential Discovery Material for the length of

time that the party is required to maintain them pursuant to any state or federal law, regulation or investigation, document retention policies, or a court order.

23. **DESTRUCTION OF PROTECTED HEALTH INFORMATION:** Within 45 days after the conclusion of the litigation, including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from a Producing party shall return such protected health information to the Producing party or destroy any and all copies of protected health information except that counsel are not required to secure the return or destruction of protected health information submitted to the Court.

For purposes of this Paragraph, "protected health information" includes any information covered under the Health Insurance Portability and Accountability Act of 1996 ("HIPPA") or similar federal or state laws or regulations.

24. Any Named Party at any time may make a motion requesting that the Court modify this Protective Order.

25. The disclosure of Discovery Material or its production for inspection in this Action shall not constitute an admission of its authenticity or of its admissibility in this Action.


IT IS SO ORDERED:          Dated this 6th day of March 2023.




                                      *s/ Caroline H. Gentry*
                                      MAGISTRATE JUDGE CAROLINE H. GENTRY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KCI Holding USA Inc., | ) | CASE NO. 3:22-cv-108 |
| | ) | |
| Plaintiff, | ) | JUDGE THOMAS M. ROSE |
| | ) | |
| v. | ) | MAGISTRATE CAROLINE GENTRY |
| | ) | |
| Atlantic Specialty Insurance Company, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**STIPULATED PROTECTIVE ORDER**
**CONFIDENTIALITY UNDERTAKING**

I, _____, hereby acknowledge that I have

read the STIPULATED PROTECTIVE ORDER entered by the Court in the above-captioned

action ("Protective Order"), that I am one of the persons contemplated in the Protective Order as

authorized to receive Confidential Discovery Material, and that I fully understand and agree to

abide by the obligations and conditions of the Stipulated Protective Order. I agree that I shall be

deemed a Bound Party under the STIPULATED PROTECTIVE ORDER, and I agree to

maintain any Confidential Discovery Material that comes into my possession in a separate and

identifiable file, access to which is appropriately restricted. I agree that by executing this

document, I am submitting to the jurisdiction of the United States District Court for the Southern

District of Ohio in matters relating to the Protective Order. I also acknowledge that violation of

the Protective Order may result in penalties for contempt of court.

_____
(Signature)

_____
(Printed or Typed Name)

_____
(Dated)

_____
(Title or Position)

_____
(Street)

_____
(City, State, Zip Code)